1    Jeffrey R. Olson, # 120945                    (SPACE BELOW FOR FILING STAMP ONLY)
     McCormick, Barstow, Sheppard,
2    Wayte & Carruth LLP
     Centre Plaza Office Tower
3    1150 Ninth Street, Suite 1200
     Modesto, CA  95354
4    Telephone:    (209) 524-1100
     Facsimile:    (209) 524-1188
5
     Attorneys for Defendants
6    Ripon Unified School District, Leo Zuber, Carla
     Travaille, Larry Stewart, David Whithycombe, Frank
7    Ferral, Claudia Nepote, San Joaquin County Office of
     Education, and Janet A. Legris
8
                    UNITED STATES DISTRICT COURT
9
                       EASTERN DISTRICT
10

11
     W.N., a minor, by and through his parents,    Case No.  2:07-CV-00166-GEB-EFB
12   S.N. and J.N., and S.N. and J.N.,
     individually,                                 **STIPULATION FOR PROTECTIVE
13                                                  ORDER AND ORDER**
                    Plaintiffs,
14
     v.
15
     RIPON UNIFIED SCHOOL DISTRICT,
16   and LEO ZUBER, individually and in his
     official capacity as superintendent for
17   RIPON UNIFIED SCHOOL DISTRICT,
     and RIPON UNIFIED SCHOOL BOARD
18   MEMBERS:  CARLA TRAVAILLE,
     LARRY STEWART, DAVID
19   WHITHYCOMBE, FRANK FERRAL, and
     CLAUDIA NEPOTE, each in his or her
20   official capacity as a member of the Ripon
     Unified School District Board, and SAN
21   JOAQUIN COUNTY OFFICE OF
     EDUCATION and STONE SOUP CHILD
22   CARE PROGRAMS and PUNKIN
     LEGRIS, Manager of the Ripon School
23   District Stone Soup Program in her official
     capacity,
24
                    Defendants.
25

26          IT IS HEREBY STIPULATED by and between the parties hereto, through their respective

27   counsel, pursuant to FRCP 26(c), that the court enter the following protective order.

28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
CENTRE PLAZA OFFICE TOWER
1150 NINTH STREET, SUITE 1200
MODESTO, CA 95354

48525/00046-1134477.v5

W.N., ET AL. V. RIPON USD, ET AL. 2:07-CV-00166-GEB-EFB

Dated: September 12, 2007        McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP


By: _____ /s/ Jeffrey R. Olson _____
Jeffrey R. Olson
Attorneys for Defendants
Ripon Unified School District, Leo Zuber,
Carla Travaille, Larry Stewart, David
Whithycombe, Frank Ferral, Claudia
Nepote, San Joaquin County Office of
Education, and Janet A. Legris


Dated: September 12, 2007        LOUGHREY LAW FIRM


By: _____ /s/Tamara L. Loughrey _____
TAMARA L. LOUGHREY
Attorney for Plaintiffs
W.N., S.N. and J.N.


Dated: September 12, 2007        PORTER SCOTT


By: _____ /s/Timothy M. Blaine _____
TIMOTHY M. BLAINE
Attorney for Defendant
Stone Soup Child Care Programs


    1.    CONFIDENTIAL INFORMATION. Defendants Ripon Unified School District, San Joaquin County Office of Education, Leo Zuber, Carla Travaille, Larry Stewart, David Whithycombe, Frank Ferral, Claudia Nepote and Janet Legris ("School Defendants"), consider the following in good faith to constitute confidential personal information subject to protection under California law:

    a.    "Pupil records" as defined by California Education Code § 49061. Such records cannot be released in this action, except Plaintiff W.N.'s, absent a judicial order or the written parental consent of the pupil whose records are being released, pursuant to California Education Code § 49076.

    b.    The personnel file of Defendant Janet Legris.

48525/00046-1134477.v5        2

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
CENTRE PLAZA OFFICE TOWER
1150 NINTH STREET, SUITE 1200
MODESTO, CA 95354

W.N., ET AL. V. RIPON USD, ET AL. 2:07-CV-00166-GEB-EFB

      c.      The Ripon Unified School District audio and video tape on a school bus with students, including W.N., in attendance, on June 30, 2006.

2.      PROCEDURE FOR FILING/LODGING CONFIDENTIAL INFORMATION

WITH THE COURT.  The parties, or some of them, hereby believe good cause exists for the Court to order the sealing of the Confidential Information.  However, irrespective of a stipulation of the parties, it is recognized that the Court must independently determine if good cause in fact exists, balancing the potential harm to the moving party's interests against the public's right to access the court files.  Therefore, a party that intends on filing or lodging Confidential Information with the Court in this case, shall promptly notify the opposing party(ies) of such intent, and provide opposing party(ies) the opportunity to apply to the  Court for a protective order sealing the Confidential Information before said Confidential Information is submitted to the Court.  The parties shall comply with FRCP 26(c) and this Court's local rule 39-141.

3.      LIMITATION ON DISCLOSURE OF CONFIDENTIAL INFORMATION. Except with the prior written consent of all the other parties, or upon prior order of this Court obtained upon notice to opposing counsel, Confidential Information must not be disclosed to any person other than:

      a.      the Court and Court personnel;

      b.      the court reporter and videographer (if any) present at any hearing or deposition related to this litigation;

      c.      counsel for the respective parties to this litigation, including employees and associates of counsel;

      d.      persons who authored, prepared, or received the Confidential Information in a context outside this litigation;

      e.      the named parties to this litigation, to include any officer or employee of Ripon Unified School District and San Joaquin County Office of Education, only to the extent deemed necessary by counsel for the defense of this litigation;

      f.      percipient witnesses only to the extent deemed necessary by counsel for the prosecution or defense of this litigation (other than expert witnesses and expert consultants).  A witness must sign the Certification (see page 6 to this order) before being shown Confidential Information.  Confidential Information may be disclosed to a witness who will not sign the

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
CENTRE PLAZA OFFICE TOWER
1150 NINTH STREET, SUITE 1200
MODESTO, CA 95354

48525/00046-1134477.v5      3

W.N., ET AL. V. RIPON USD, ET AL. 2:07-CV-00166-GEB-EFB

Certification only in a deposition or other court proceeding related to this case. Confidential Information shall not be attached as an exhibit to any deposition. [Note: At any deposition in this case a party can request that a document deemed Confidential Information be marked as an exhibit. The reporter shall so mark the document as an exhibit and it shall be so noted on the record. The attorney for School Defendants shall, in lieu of the reporter but in a like manner, retain that exhibit and provide copies to the other parties present no later than the conclusion of the deposition. Exhibits retained in this manner shall have the same force and effect as if the exhibit had been given to the reporter to make a part of the deposition transcript.] Witnesses shown Confidential Information are not allowed to retain copies.

g.    expert consultants or expert witnesses retained for the prosecution or defense of this litigation.

4.    CERTIFICATION FORM. Except for persons identified in paragraph 3 (a), (b), (c), and (d), each person who is authorized by this order to observe, inspect or have access to the Confidential Information and who in fact observes or inspects or is otherwise allowed access to the Confidential Information, shall execute the Certificate attached to this order and thereby agree to be bound by its provisions. The Certification form(s) must be retained by counsel of the party that disclosed the Confidential Information during the pendency of the action and for a period of five years after the conclusion of the action as defined in paragraph 9 below. The Certification forms need not be disclosed to opposing counsel, but opposing counsel may apply to the Court for an order compelling disclosure on a showing of good cause.

5.    LIMITATION ON USE OF CONFIDENTIAL INFORMATION. Persons receiving Confidential Information must not show, reveal or discuss that information to or with any person who is not entitled to receive the information, except as set forth in this order. However, this protective order, standing alone, does not serve to limit admissibility of Confidential Information at the trial or any motions in this case.

6.    COPIES OF CONFIDENTIAL INFORMATION. This order does not restrict a person who is properly in the possession of Confidential Information from (1) making working copies, abstracts, digests, and analyses of Confidential Information for use in connection with this litigation or (2) converting or translating Confidential Information into machine readable form for incorporation in a data retrieval system used in connection with this litigation. Any such copies,

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
CENTRE PLAZA OFFICE TOWER
1150 NINTH STREET, SUITE 1200
MODESTO, CA 95354

48525/00046-1134477.v5                                    4

W.N., ET AL. V. RIPON USD, ET AL. 2:07-CV-00166-GEB-EFB

1  abstracts, digests, analyses, or data compilations have the same level of protection under the terms

2  of this order as the Confidential Information from which they are derived.

3      7.    ALL CONFIDENTIAL INFORMATION TO BE USED ONLY FOR THIS

4  CASE.  All Confidential Information must be used by the party or parties to whom the

5  Confidential Information is produced solely for the purpose of this case.

6      8.    INADVERTENT DISCLOSURE OF CONFIDENTIAL INFORMATION.  If a

7  party ("sender") inadvertently provides Confidential Information to a party ("receiver"), the

8  receiver shall, within 3 business days, return the original and all copies of said Confidential

9  Information to the sender, once the receiver discovers the inadvertence or the receiver is so

10  notified by the sender.

11      9.    CONCLUSION OF LITIGATION.  The conclusion of this action is defined as 30

12  days after the expiration of the time to appeal or challenge any final judgment or settlement.  All

13  provisions of this order restricting the communication or use of Confidential Information continue

14  to be binding after the conclusion of this action, unless otherwise agreed or ordered.  Upon

15  conclusion of this action, a party who received Confidential Information in the context of this

16  action, other than that which is contained in pleadings, correspondence, and deposition

17  transcripts, must either (1) return such documents no later than 30 days after conclusion of this

18  action to counsel for the party who provided such Confidential Information, or (2) destroy such

19  documents within that time period upon written consent of the party who provided the

20  Confidential Information and certify in writing to said party within 30 days thereafter that the

21  documents have been destroyed.

22      The Stipulation having been reviewed by the Court and good cause shown:

23  **The court approves the order, but in doing so makes no ruling as to whether the**

24  **documents and items identified herein are entitled to protection under the Federal Rules of**

25  **Civil Procedure or federal privilege law.  Any motion in that regard, or any request to file**

26  **documents under seal must be made according to the Federal Rules of Civil Procedure and**

27  **this Court's Local Rules.**

28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
CENTRE PLAZA OFFICE TOWER
1150 NINTH STREET, SUITE 1200
MODESTO, CA 95354

48525/00046-1134477.v5             5

W.N., ET AL. V. RIPON USD, ET AL. 2:07-CV-00166-GEB-EFB

1    **SO ORDERED.**

2    Dated:  September 20, 2007

3

4    _____
     Edmund F. Brennan
5    U.S. Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP

CENTRE PLAZA OFFICE TOWER
1150 NINTH STREET, SUITE 1200
MODESTO, CA 95354

48525/00046-1134477.v5                          6

W.N., ET AL. V. RIPON USD, ET AL. 2:07-CV-00166-GEB-EFB

**CERTIFICATION**

I hereby certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Protective Order dated _____, in *W.N. et al. v. RIPON UNIFIED SCHOOL DISTRICT, et al.*, United States District Court, Eastern District, Case No. 2:07-CV-00116-GEB-EFB.  I have been given a copy of that Protective Order and read it.  I agree to be bound by the Protective Order.  I will not reveal the Confidential Information to anyone, except as allowed by the Protective Order.  I will maintain all the Confidential Information in a secure manner to prevent unauthorized access to it.  No later than 30 days after the conclusion of this action, I will return the Confidential Information to the counsel who provided me with the Confidential Information.  I hereby consent to the jurisdiction of the United States District Court, Eastern District, for the purpose of enforcing the Protective Order.

Dated: _____                    _____

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
Centre Plaza Office Tower
1150 Ninth Street, Suite 1200
Modesto, CA 95354

48525/00046-1134477.v5                                7

W.N., ET AL. V. RIPON USD, ET AL. 2:07-CV-00166-GEB-EFB